### STATE v. MURPHY.

1. INDICTMENT : *Charging offence to be " unlawfully" done.*
  It is not necessary for an indictment to charge that an offense was "unlawfully" done, if the statute describing the offense does not use the word " unlawful."

APPEAL from *Van Buren* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*C. B. Moore, Att'y Gen'l,* for appellant.

The indictment is *in the words of the statute.* *Gantt's Dig., Sec.* 1512 ; 33 *Ark.,* 140 ; 40 *Ark.,* 361.

*J. M. Murphy, pro se.*

The indictment was based upon the Act of March 21st, 1881, and fails to follow the language. It is clearly insufficient. *Acts of* 1881, *p.* 135 ; *State v. Moser,* 33 *Ark.,* 140.

It is not good under Sec. 1512, Gantt's Digest, as it does not contain the word " unlawfully," which is as necessary in misdemeanors as " maliciously " is in felonies. 34 *Ark.* 550 ; 40 *Ark.,* 361.

SMITH, J.    The indictment in this case charges that " J. M. Murphy, on the first day of October, 1882, in the County, &c., then and there, being at the private residence of one W. L. Niday, did make use of profane and insulting lan-

guage in the presence of, about, towards and in the hearing of Mrs. Rachel Lucinda Niday, wife of the said W. L. Niday, which language in its common acceptation was calculated to cause a breach of the peace, against the peace and dignity of the State. &c."

The court below sustained a general demurrer to it and discharged the defendant.

The indictment follows the language of Section 1512, of Gantt's Digest, upon which it is based, and which creates the offence. And upon a comparison of it with the forms approved in *Hearn v. State*, 34 *Ark.*, 550 and *State v. Hutson*, 40 *Id.*, 361, it will be found to differ trom them only in the omission of the word "unlawfully." It is insisted that this omission vitiates the indictment.

1 INDICTMENT:
Charging offense "unlawfully" done.

In Chitty's Criminal Law, Vol. 1, p. 341, it is said: "The term 'unlawfully,' which is frequently used in the description of the offence, is unnecessary wherever the crime existed at Common Law and is manifestly illegal. So it has been adjudged that it need not be used in an indictment for a riot, because the illegality is sufficiently apparent without being averred. But if a statute, in describing the offense which it creates, uses the word, the indictment founded on the act will be bad if it be omitted; and it is, in general, best to resort to it, especially as it precludes all legal cause of excuse for the crime".

Every indictment should show plainly on its face, whether the crime is treason, felony or misdemeanor. The indictment for treason alleges that the act was committed traitorously; for felony, that it was done feloniously; and the omission of these words indicates that the offence was no more than a misdemeanor, 1 *Bish. Cr. Pro. Sec.* 534.

The disturbance of the public peace by the use of profane, violent, abusive or insulting language is a statutory offence. But the statute, in describing the offence, does not use the

word "unlawfully". And wherever this is the case, and the act charged in the indictment appears to be unlawful, it is unnecessary to allege it to have been unlawfully done, *Capps v. State*, 4 *Clarke (Iowa)* 502.

It can be understood from this indictment that it was found by a grand jury and that the offence was committed within the jurisdiction of the court, prior to the finding of the indictment. And the offence is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction. *Gantt's Dig. Sec's.* 1781-2.

Reversed and remanded with directions to overrule the demurrer and to require the defendant to plead.