WILSON v. GAYLORD.

Opinion delivered January 20, 1906.

1. EJECTMENT—PLAINTIFF'S TITLE.—Plaintiff in ejectment must recover if at all, upon the strength of his own title, and not upon the weakness of defendant. (Page 478.)

2. DECREE—CONCLUSIVENESS.—A decree in a personal action binds only the parties thereto and their privies, and a sale thereunder passes only such title as the parties thereto had at the time of the decree or sale. (Page 478.)

Appeal from Mississippi Chancery Court; EDWARD D. ROBINSON, Chancellor; reversed.

*J. T. Coston* and *Charles T. Coleman,* for appellant.

1. In ejectment, defendant being in possession, the plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's. 86 S. W. 852; 37 Ark. 644; 47 Ark. 215; 47 Ark. 418; 65 Ark. 610; 38 Ark. 191.

2. The suit against Higginson for levee taxes was *in personam.* Purchasers at judicial sales acquire only the title of parties to the suit. Rorer, Jud. Sales, § 459; 9 Wheat. 616; 32 Ark. 321; 17 Am. & Eng. Enc. Law (2 Ed.), 1010; 5 Cranch (C. C.), 514; 69 Ill. 431; 6 T. B. Mon. (Ky.) 192; 19 Md. 375; 82 Va. 937. A judicial sale can not affect the rights of persons not parties to the proceedings in which the sale was ordered, as to the property sold, nor give to the purchaser any rights as against such third persons. 17 Am. & Eng. Enc. Law, *supra;* 16 Md. 200; 39 Ill. 279; 43 W. Va. 562; Kirby's Digest, 6321; 60 Ark. 374; 130 U. S. 493; 101 Fed. 97; 96 Fed. 660; 65 Fed. 705; 122 Mo. 161; 68 S. W. 909; 10 S. W. 42; 70 S. W. 345; 128 Ind. 591; 30 Ark. 594. A judgment is evidence of nothing in a subsequent action between different parties, except that it has been rendered. 66 Ark. 307; 35 Ark. 450. The decree was admissible only to show transmission of rights between parties to that suit. 35 Ark. 321; 50 Ark. 344; 61 Ark. 464. The deed gave color of title, but is not evidence of title against defendant in the absence of proof that Higginson had title. 38 Ark. 192.

*W. J. Lamb,* for appellee.

1. On collateral attack the finding and decree of the lower court as to the ownership of the land will not be disturbed. 22 Ark. 118, 121; 10 Pet. 449; 2 How. 319; 5 Cranch, 173; 2 Pet. 157; 10 Wall, 319; Works, Courts and Jur. § 4; 45 Am. Dec.

585; 3 Wis. 773; 85 Am. Dec. 527; 110 U. S. 417; 101 U. S. 417; 18 How. 70. Facts *dehors* the record can not be shown on collateral attack. 14 Ark. 569; 25 Ark. 127; 21 Ark. 117; 22 Ark. 118; 23 Ark. 121; 11 Ark. 519; 49 Ark. 397; 50 Ark. 188; 20 Ark. 226. Satisfactory proof of ownership in defendant will be presumed. 23 Ark. 801; 102 U. S. 461.

McCulloch, J. This suit was originally commenced at law in the circuit court of Mississippi County by appellee, C. H. Gaylord, against appellants, Wilson and Beall, to recover possession of the tract of land in controversy, and damages in the sum of $1,000 for timber alleged to have been cut by defendants. On motion of defendants, the cause was transferred to the chancery court, and a final hearing there resulted in a decree in favor of the plaintiff for recovery of the land and the value of the timber cut by the defendants.

Appellee, in his complaint, set forth the following claim of title, under which he claimed to be the owner of the land:

(1) United States to the State of Arkansas, swamp land grant, September 28, 1850.

(2) State of Arkansas to John T. Hanks, certificate of entry, 1858.

(3) Deed from commissioner in chancery to plaintiff under sale made pursuant to the decree of the chancery court of Mississippi County in suit of Board of Directors of St. Francis Levee District against H. and F. Higginson, condemning the land for sale to pay levee taxes of 1893.

Defendant Wilson filed a separate answer, admitting that he was in possession of the land as alleged, but denying that plaintiff was owner thereof. He claimed, in his answer, title to the land under a patent issued March 9, 1859, by the State of Arkansas to L. L. Johnson and John C. Palmer as assignees of John T. Hanks, and deeds from the heirs of Johnson and Palmer; but the record does not show that any evidence was introduced in support of his alleged claim of title. So the case rests upon the strength of the title of the plaintiff, who must succeed, if at all, upon that, and not upon the weakness of defendant's title. *Nix* v. *Pfeifer,* 73 Ark. 199; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 387.

The plaintiff, to make out his title, shows a conveyance made to him by a commissioner in chancery pursuant to a decree of that

court rendered in 1894 in a suit brought against H. and F. Higginson by the Board of Directors of St. Francis Levee District to enforce payment of the levee taxes of 1893. It is not proved, however, that the Higginsons ever had title to the land. This decree and the sale thereunder establish no more than that the title possessed by the Higginsons passed to the plaintiff by virtue of his purchase under the decree. The suit was by the board of directors against H. and F. Higginson *in personam,* and affected the rights of no persons who were not parties to that proceeding. The suit was brought against the Higginsons as defendants, and the decree was, in terms, a personal one against them for the amount of the levee taxes, penalty and cost, and a lien on the land was declared therefor. A decree in a personal action binds only the parties thereto and their privies, and a sale thereunder passes only such title as the parties thereto had at the time of the decree or sale. Kirby's Digest, § 6321; *Wilson* v. *Spring,* 38 Ark. 192; *Thomas* v. *Hinkle,* 35 Ark. 450; *McConnell* v. *Day,* 61 Ark. 464; *Roulston* v. *Hall,* 66 Ark. 305; *Greenstreet* v. *Thornton,* 60 Ark. 374; 17 Am. & Eng. Enc. Law, p. 1010; *Eldred* v. *Johnson,* 75 Ark. 1; *Hassall* v. *Wilcox,* 130 U. S. 493.

In *Greenstreet* v. *Thornton, supra,* this court, speaking of a suit to enforce payment of a local improvement tax on real estate in a city, said:

"Where it is not alleged that the owner is unknown, and the proceedings are against a certain person named as defendant, and alleged to be the owner of the property, then, whether there be actual service upon him, or only constructive service in the manner designated by the statute, it is notice to him only, and the decree affects only his interest in the land, whatever it may be, and no one else is bound by it." Waples, Proc. in Rem. § 628; *Windsor* v. *McVeigh,* 93 U. S. 274; *Hassall* v. *Wilcox,* 130 U. S. 493.

The proof was insufficient to establish title in the plaintiff. Reversed and remanded, with direction to enter a decree dismissing the complaint.