## ROBINSON *v*. CROSS.

### Opinion delivered February 13, 1911.

1. LEVEES—SALE FOR TAXES—PRESUMPTION.—One who purchases land under a sale pursuant to a decree enforcing a lien for levee taxes acquires at least a *prima facie* title which is good against all the world until overcome by one showing a better title. (Page 112.)

2. SAME—ESTOPPEL TO CLAIM LAND SOLD FOR TAXES.—Where a levee district owned a certain tract of land if the title was not in one B, and the district elected to treat the title as in B by suing him for levee taxes, the levee district will thereafter be estopped to claim the land as belonging to it. (Page 112.)

Appeal from Mississippi Chancery Court, Chickasawba District; *Edward D. Robertson,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

This is an action by Ida Cross against defendants Robinson and Johnson to recover the northeast quarter of southeast quarter, section 2, township 15 north, range 12 east. It was an action of ejectment originally commenced in the circuit court, and then transferred to the chancery court upon motion of defendants to have their alleged title quieted.

The appellee deraigns title from the Government to the St. Francis Levee District. Then, in a suit by the Levee District against Charles Bowen, the land in controversy, with two other forties, was sold for taxes; George Cross was the purchaser, and by partition decree among his heirs the land in suit was allotted to appellee. She also set up title by adverse possession.

Appellants deny that appellee acquired any title by adverse possession. They stand on their possession, having no title themselves, and challenge appellee to show title. The documentary

and record evidence tended to prove the allegations of the complaint as to appellee's title.

The court rendered a decree quieting the title in appellee and directing the ouster of appellants if possession was not given to appellee within thirty days from the date of the decree. Appellants were granted an appeal by the clerk of this court, which they are duly prosecuting.

*J. T. Coston,* for appellants.

1. While it is true that possession of part of a tract of land, under color of title, is construed as possession of the whole tract, yet that doctrine does not extend to possession of a contiguous tract owned by some one else. 96 S. W. 756; 37 Am. Dec. 192; 147 Fed. 385; 84 S. W. 706.

2. To constitute adverse possession, the possession must be actual, open, visible, continuous, hostile, exclusive and adverse by the intent of the party holding, and the absence of either of these elements deprives the possession of its adverse character. 43 Ark. 486; 49 Ark. 274.

*W. J. Lamb,* for appellee.

Appellee's concession that "the land involved in this case forfeited to the State for nonpayment of taxes for the year 1870, which forfeiture was confirmed in the levee board in 1894 by decree of the chancery court," is an admission that the Levee District owned this land in 1894. Since title was originally in the Levee District, that title passed, by virtue of the decree of the chancery court and commissioner's sale thereunder, to Cross. Being a party to the suit, the Levee District's interest passed under the decree. 34 Ark. 291; 57 Ark. 97; *Id. 227;* 50 Ark. 551. It being conceded that the Levee District originally owned all three of the "forties" involved, possession of any part of the 120 acres was possession of the whole of it.

WOOD, J., (after stating the facts). The appellants admit that the Levee District obtained title to the land in controversy through tax forfeiture and decree of the chancery court in 1894. The appellants admit also that a decree was rendered in 1896 against Charles Bowen purporting to condemn the land in controversy to be sold for levee taxes. These admissions put appellants out of court. For it is alleged and not denied that appellee

obtained the title she here asserts through one who purchased at the sale under the decree of 1896.

A *bona fide* purchaser at the sale under that decree certainly procured at least a *prima facie* title, and one good against all the world until overcome by some one who could show a better title. It was such a title as would enable her to maintain a suit for possession as against one who had no title as affirmatively shown by his exhibits. The record shows that the Levee District by decree of chancery court in 1894 obtained title to the land under forfeiture of same for the taxes of 1870. Whether the Levee District after 1894 sold the land to Charles Bowen the record nowhere discloses. But the presumption is that it did, for the Levee District, as we have stated, proceeded against him to collect delinquent taxes, and had the land in controversy condemned and sold for the payment of these taxes. The Levee District thus treated the land as the land of Charles Bowen in 1896. The court in the decree found "that the land belonged to Charles Bowen." The decree was regular on its face. The court had jurisdiction to decree a sale of the lands of Charles Bowen for delinquent taxes. The Levee District could proceed by adversary suit against the owner to collect the taxes, and could have the taxes declared a lien on the land, and have same sold to satisfy such lien. See Acts of 1893, pp. 24, 31, 32, §§ 11, 12, 13, amended by Acts of 1905, p. 88.

That was the proceeding, as appears from the undenied allegations of the complaint. The decree of the chancery court was not appealed from and has not been set aside by any direct proceeding. It cannot be impeached in the collateral way attempted by appellants.

Learned counsel contend that the decree of the chancery court in 1896 condemning the land to be sold as the lands of Charles Bowen for alleged delinquent taxes was but in effect an illegal and unauthorized sale of the land of the Levee District by the Levee Board. If learned counsel were correct, still appellee's title would be good except as against the Levee District or some one deraigning title through it. The Levee District is not complaining, even if it could do so, and appellants do not claim any title from it. While it is true that a sale in a personal action binds only the parties thereto and their privies (*Wilson* v. *Gay-*

*lord,* 77 Ark. 477-79), yet in this case the Levee District had the title if it was not in Bowen, and the Levee District elected to treat it as in Bowen, and that gives appellee the *prima facie* title, as we have shown, through the decree. · But there is nothing in the record to warrant the above contention of counsel. The record shows that it was a proceeding to collect taxes on the lands of another, and not a sale of the land of the Levee District.

The decree is correct. Affirm.