WHITE v. HUDSON.

Opinion delivered July 7, 1924.

JUDGMENT—RES INTER ALIOS ACTA.—In an action for cutting timber, where there was a conflict as to the boundary between adjoining tracts, plaintiff claiming the "W" line and defendant the "M" line, it was error to admit in behalf of plaintiff a decree between other parties adjudicating the correctness of "W" line through the same tier of sections but relating to other property rights.

Appealed from Cleveland Circuit Court; *Turner Butler*, Judge; reversed.

*George Brown* and *J. C. Clary*, for appellant.

The introduction of the chancery decree was in itself erroneous, and, in addition, it was erroneous to instruct the jury that they might consider the decree, not as binding, but as a circumstance tending, with the other circumstances in the case, to show which was the true line, first, because it singled out and gave undue prominence to that particular circumstance (38 Cyc. 1674-5); second, it was not shown by the pleadings or otherwise in the case of England v. Dial, that the same issues and none others were involved in that case as in this, and the burden was on the appellees to show identity of issues (23 Cyc. 1532-1535); and third, the decree affected entirely different property, and the suit was between entirely different parties, between whom and the parties to this suit there was no privity of contract, blood or estate. 150 Ark. 594; 246 U. S. 158, 38 S. C. Rep. 301; 254 S. W. (Tex.) 255; 7 Enc. of Evidence, 829; Freeman on Judgments, 3rd ed., § 606.

*Woodson Mosley,* for appellees.

McCULLOCH, C. J.	Appellees instituted this action against appellant in the circuit court of Cleveland County to recover damages for alleged cutting of timber on lands of appellees. The parties are respective owners of adjoining tracts of land, there being a dispute as to the boundary. Appellant cut and removed timber on a portion of the land claimed by appellees. There is no question involved as to the title or right of possession of the tracts of land claimed by the respective parties, the only controversy being as to the boundary.

Appellees inherited the land from their father, J. B. Hudson, in whose lifetime two surveys had been made of the boundary line in controversy. One of the surveys was made by Judge McMurtrey, and the result of his survey is known as the "McMurtrey line," and the other survey was made by Mr. Watts. The timber in controversy was cut between the two lines, and, if the Watts line is the correct boundary, the land between the two lines is a part of the tract owned by appellees, and they are entitled to recover, but, if the McMurtrey line is the correct boundary, the land is a part of appellant's tract, and he is the owner of the timber in controversy. Each party introduced testimony concerning the correctness of the surveys, and the court submitted that issue to the jury. There was evidence sufficient to sustain a verdict either way on the disputed issues as to the proper location of the boundary.

The court permitted appellees, over the objection of appellant, to introduce in evidence the record of a decree of the chancery court of Cleveland County in an action between Elizabeth England and E. A. Dial, adjudicating the correctness of the so-called Watts line, as extended through the same tier of sections as the land in controversy. When objection was made to the introduction of this testimony, the court stated that the decree was not binding on the parties to this suit for the reason that it was rendered in a suit between different

parties and related to a different tract of land, but that the jury might consider the decree "as a circumstance tending to shed light, together with all the other circumstances in the case, upon the question that you (the jury) are called upon to determine as to which is the true line through the center of section four."

The court, in its final charge to the jury, also gave an instruction, over appellant's objection, the same in effect as the statement made by the court to the jury at the time the decree was admitted in evidence.

We are unable to call to mind any correct theory upon which this testimony was admissible. It was a decree rendered in a controversy between other parties than those connected with the present controversy, and it related to other property rights. The decree had no binding force against either of the parties to this controversy, and it was entirely without evidentiary force in this case. It devolved upon appellees, as the plaintiffs in the case, to prove that they were the owners of the land from which the timber was taken, and the decree in the litigation between other parties had no tendency to relieve them of this burden. There was a conflict in the testimony as to the correct boundary, and we have no means of determining what effect was made on the minds of the jury by this erroneously admitted testimony, therefore we must treat the error in admitting it as being prejudicial.

Reversed and remanded for a new trial.