## DOLES *v.* STATE.

### Opinion delivered October 20, 1924.

1. CRIMINAL LAW—DIVORCE DECREE AS EVIDENCE.—In a prosecution
   for carnal abuse, the record of divorce proceedings in which
   prosecutrix's mother was a party, and in which it was decreed
   that prosecutrix was of certain age, *held* incompetent to estab-
   lish her age.
2. CRIMINAL LAW—PRESUMPTION OF PREJUDICE.—In the absence of
   an affirmative showing to the contrary, it will be presumed
   that incompetent evidence was prejudicial.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John E. Tatum,* Judge; reversed.

*Holland, Holland & Holland,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,*
Assistant, for appellee.

WOOD, J. This is an appeal from a judgment of the
Sebastian Circuit Court, Fort Smith District, sentencing
the appellant to imprisonment in the State Penitentiary
for a period of one year, on conviction of the crime of
carnal abuse. The prosecutrix was Bernice Montgomery.

It was an issue before the jury as to whether or not the prosecutrix was under sixteen years of age at the time of the alleged sexual intercourse. On this issue the court, over the objection of appellant, permitted the State to prove that, in a divorce proceeding in the Sebastian Chancery Court in which the mother of the prosecutrix was a party, it was decreed that the prosecutrix was four years old at the time the decree was rendered. This record was incompetent to establish the age of the prosecutrix at the time of the alleged sexual intercourse. It was a record of the proceedings in an action for divorce, in which neither the State, the appellant, nor the prosecutrix were parties. It had no relevancy to any issue involved in this prosecution. *White* v. *Hudson,* 165 Ark. 232; *Doss* v. *Long Prairie Levee District,* 96 Ark. 451; *Wilson* v. *Gaylord,* 77 Ark. 477; 22 C. J. 814. See 22 C. J. 814, § 926.

In overruling the motion to exclude this testimony, the court announced that the record was a judicial determination of the age of the prosecutrix. The appellant duly excepted to the remarks of the court. In the absence of an affirmative showing to the contrary, it must be presumed that the incompetent testimony was prejudicial to the rights of the appellant.

There are many other assignments of error in appellant's motion for a new trial, but the above is the only reversible error we discover in the rulings of the court, and the questions raised by the other assignments may not arise in a new trial of the cause. Therefore it is unnecessary to discuss the same. For the error indicated the judgment is reversed, and the cause remanded for a new trial.