## Cabe *v.* State.

Opinion delivered June 30, 1930.

50

*Sam W. Trimble* and *Dillon & Robinson*, for appellant.

*Hal L. Norwood*, Attorney General, and *Robert F. Smith*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted for rape in the circuit court of Pulaski County, First Division, and upon the trial of the charge was convicted of the crime of carnal abuse, and was adjudged to serve a term of five years in the State penitentiary, as a punishment therefor, from which is this appeal.

Appellant first contends for the reversal of the judgment because the trial court overruled a demurrer to the indictment. It is argued that the indictment was fatally defective, because it did not allege that the act complained of by the State was an unlawful act. Section 2717, C. & M. Digest, defining rape, does not use the word ''unlawful,'' therefore, it was not necessary to use same in an indictment for the crime. *State* v. *Murphy,* 43 Ark. 178.

Appellant next contends for the reversal of the judgment because the trial court ruled that jurors W. R. Crow and C. R. Croft were qualified. On their *voir dire* examination each stated that he had formed an opinion regarding the case, based upon rumor, but that he would disregard the opinion if chosen as a juror and try and decide the case upon the testimony which would be adduced, under the law as pronounced by the court. Under the rule reiterated in the case of *Ham* v. *State,* 179 Ark. 20, 13 S. W. (2d) 805, both were qualified, notwithstanding they had formed opinions based upon rumor.

The disqualification of C. R. Croft is also urged because he admitted that he was prejudiced against the crime of rape. All law-abiding citizens are prejudiced against crimes of this nature, and, were the rule contended for pronounced by this court, it would be next to impossible to find law-abiding veniremen to sit as jurors in such cases.

Appellant next contends for the reversal of the judgment because Chester Puller had formed and expressed an opinion which he had concealed on his *voir dire* examination. Affidavits of several parties were introduced to the effect that Puller was biased against appellant, as shown by expressions of his guilt in conversation with affiants and with others. These affidavits were contradicted by Puller, which presented a conflict in the evidence. The finding of the trial court, on conflicting evidence, that a juror was qualified, will not be disturbed on appeal. *Pendergrass* v. *State,* 157 Ark. 376, 248 S. W. 914.

Appellant next contends for the reversal of the judgment because there is no substantial evidence to support the verdict. The prosecutrix testified that she was under sixteen years of age, and that appellant had sexual intercourse with her in his apartment, forcibly and against her will. The law does not require the evidence of the prosecutrix to be corroborated in order to convict for the crime of carnal abuse. It is argued, however, that the testimony of the prosecutrix is wholly discredited by expert testimony to the effect that it was impossible for a normally developed man to penetrate her person. The slightest penetration was sufficient in law, and it cannot be said from the physical facts in the instant case that there was no penetration at all. Dr. W. E. Gray testified that he made an examination of the prosecutrix when brought to the hospital shortly after the alleged crime was committed, and that, although he found no external or internal laceration, tears or bruises, he found a drop or two of blood and discovered in the vaginal canal abundance of spermatozoa. According to the State's witnesses, appellant admitted having had sexual intercourse with the prosecutrix, but claimed that she told him that she was eighteen years of age and consented to the act. He denied that he made such admissions.

Although the prosecutrix was contradicted to some extent by appellant and his witnesses, it cannot be said that the testimony introduced by the State was wholly and entirely discredited. The judgment is supported by evidence of a substantial nature.

Appellant next contends for the reversal of the judgment because Dr. Gray was permitted to testify concerning an examination he made of the prosecutrix a few hours after the alleged crime was committed. The introduction of his testimony was objected to on the ground that it was privileged. The doctrine of privileged communications only extends to the physician's patients and himself. A defendant in a prosecution for crime has no right to claim the protection. *Davenport* v. *State,* 143 Miss. 121, 108 So. 433, 45 A. L. R. 1448.

Appellant next contends for the reversal of the judgment because the trial court allowed the prosecutrix to testify that Allen Frey threw her on the bed and tried to have sexual intercourse with her immediately after appellant had accomplished his purpose. Appellant and Frey had taken the prosecutrix and another girl from the State Fair grounds to appellant's apartment in the city of Little Rock, and, according to the State's evidence, had detained them for the purpose of raping them. This occurred, if at all, during their detention, and was a concomitant circumstance tending to prove the crime with which appellant was charged. It was clearly admissible as a circumstance tending to show that appellant had the prosecutrix in his apartment for immoral purposes.

Appellant next contends for the reversal of the judgment because the court allowed the prosecuting attorney on cross-examination to ask him whether his wife had not obtained a divorce from him on account of his misconduct with other women. This was admissible as tending to show an abnormal inclination or disposition on appellant's part to have sexual intercourse with women, as well as to reflect on his credibility as a witness.

Appellant next contends for the reversal of the judgment because the court allowed the prosecuting attorney to cross-examine him relative to his acquisition of whiskey. The testimony developed that he was drinking on this occasion, and we think the questions propounded by the prosecuting attorney touching this matter were admissible as tending to reflect on his credibility as a witness.

Appellant next contends for the reversal of the judgment because the court refused to give his requested instruction on assault and battery. Assault and battery is not a necessary element of carnal abuse. The crime may be committed with the consent of the prosecutrix, hence, force is not a necessary essential to the commission of the crime, as is the case in rape. Appellant was acquitted of the rape charge, so he was not prejudiced by the re-

fusal of the court to give his requested instruction on assault and battery.

Appellant next contends for the reversal of the judgment because the prosecuting attorney was permitted to explain why he did not use the other girl who was in the apartment as a witness. This explanation was allowed because appellant's attorney had criticised the prosecuting attorney for not calling her as a witness. The explanation was invited error, if error at all. In permitting this explanation, the court admonished the jury not to consider the statement of the prosecuting attorney as to what she would have testified had she been introduced. The admonition cured the error.

Lastly, appellant contends for the reversal of the judgment because the court refused to permit him to introduce the police record showing that a window under appellant's apartment had been broken by a burglar on the night the alleged carnal abuse occurred. There was evidence in the record tending to show that the girls left the apartment on account of the noise from a broken window. If proof of this character was pertinent and competent, it should have been made by a witness cognizant of the fact, and not by a police record in another case in which none of the interested parties were participants. The State would not be bound by facts developed in a different case from the one upon which he was being tried.

No error appearing, the judgment is affirmed.