CONNELLY *v.* STATE.

4970                                         335 S. W. 2d 723

Opinion delivered May 30, 1960.

*G. W. Lookadoo, Holt, Park & Holt,* for appellant.

*Bruce Bennett,* Atty. General by *Russell J. Wools,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J.   On the afternoon of April 28, 1959, the appellant shot and killed her husband, Joseph E. Connelly, from whom she had been separated for several months.   Charged with murder in the first degree the appellant was convicted of second degree murder and was sentenced to fourteen years imprisonment. We find it necessary to discuss only one of the points relied upon for reversal, an asserted error in the admission of incompetent evidence.

The prosecution, presumably for the purpose of showing that the deceased was unarmed, introduced a number of articles found upon his person, such as a wallet, a cigarette lighter, cards, pictures, a bunch of keys, a ring, etc.   These items are conceded to have been admissible, but the appellant complains of the court's action in permitting the State to introduce an unsigned letter, apparently written by the decedent to his estranged wife and also found upon his person, which read as follows:

"I have every right to hurt you — but to hurt you I have to hurt someone very dear to me.   You have depended upon that for some many years.   You thought you had me under some kind of trance.   But there has been only one reason you got by, by treating me as you did.   If you had loved Bonnie Jo [the couple's only child] half as much as I we would still be together.   You have only thought of yourself and had only one thing in mind to destroy the two persons in your life — the two that lived in hell to be with you.   I know you are very

proud of yourself. It is too bad you can't hear what some of the ones you know say. By sending you this money in your name — I'm losing what little self respect I have left — if I have any at all, that you left me.'' (The reference to ''this money'' seems to have meant a check for $20, drawn by the decedent in favor of the appellant, which was also found upon Connelly's person, though it had been torn in two.)

This letter, unsworn and not subject to cross-examination, was manifestly not competent proof of the truth of the statements contained in it. Indeed the State does not suggest in its brief that the document was admissible; it is argued only that no objection was made by the defense. As we read the record, however, there was a sufficient objection, as reflected by this excerpt from the transcript:

''Mr. Holt: We object on the ground it is incompetent, irrelevant, and immaterial.

''The Court: Let me see it, Mr. Hebert.

''Mr. Hebert: It is what they found on his body, it is in his handwriting.

''The Court: Overrule the objection. It will be admitted.

''Mr. Holt: Note my exceptions.''

The point that has given us concern is whether the letter, even though incompetent, can be said to have been prejudicial to the accused. The note certainly suggests that there had been discord between Connelly and his wife, but there is much other evidence to this effect, including the testimony of the appellant herself. If the existence of marital disharmony were the only inference to be drawn from the letter then we might say with confidence that it could not have had any prejudicial effect upon the jury.

There are, however, other conclusions that may be derived from the language of this note. The statement that Mrs. Connelly meant to destroy the two persons in

her life might be taken in retrospect to support the charge of premeditated murder. Much more important is the letter's positive implication that it was the appellant who had mistreated her husband, rather than the other way around. This implication stands almost alone as the State's contradiction of the testimony of the appellant and her daughter, who both say that Connelly struck and bruised his wife upon a number of occasions. Thus the letter had a direct bearing upon the appellant's credibility and at least an indirect bearing upon her insistence that she acted in self-defense. In criminal cases in the absence "of an affirmative showing to the contrary" we must presume that incompetent testimony was prejudicial to the accused. *Doles* v. *State,* 166 Ark. 37, 265 S. W. 663. In the case at bar we are left in doubt, which means that the presumption of prejudice has not been completely rebutted.

Reversed and remanded for a new trial.

HOLT, J., not participating.