ROBERT RAGSDALE v. STATE OF ARKANSAS

5357                                                        432 S.W. 2d 11

Opinion Delivered October 7, 1968

*W. B. Howard* and *Jack Segars* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

PAUL WARD, Justice.    This is an appeal by Robert Ragsdale (appellant) from a conviction  of  negligent homicide.    The pertinent background facts are not in dispute and will be briefly set out below.

On April 29, 1968 appellant, while driving across a bridge on State Highway No. 1 located about eight miles north of Jonesboro, collided with another car in which Albert Passmore was a passenger.    As a result, Passmore was killed and appellant was injured.

At the trial, no eye-witness was called by either side, and the State's case was based on circumstantial evidence.

On appeal, appellant relies on four separate points. However, we find it necessary to discuss only one point, which, we think, calls for a reversal.    We agree with appellant that ''the trial court erred in permitting evidence of a blood-alcohol test run on appellant''.

It appears undisputed that Dr. Joe Ledbetter was the only one who had a blood test made on appellant— which test showed some trace of alcohol—and that it was made for the purpose of prescribing for, and treating the injuries of, appellant.    The test was actually made by Dr. Baker who stated he did so at the request of Dr. Ledbetter for diagnostic purposes, and  not  in compliance with the request of anyone else.    Both doctors stated the test was  not  made  at  the  request of Trooper Jackson or the Prosecuting Attorney.

Under the above state of the record it must be concluded that the relationship between Dr. Ledbetter and appellant was one of doctor and patient.    Nevertheless,

the result of the tests was introduced in evidence over repeated objections by appellant.

It is, and must be, conceded by the State that, if this was a civil action, the result of the test was a privileged communication between doctor and patient and, therefore, was inadmissible in evidence. However, it is the contention of the State such rule does not apply in criminal cases. It appears that this exact issue has never been clearly decided by this Court. For reasons mentioned below, we have concluded the rule does apply, under the circumstances of this case, in criminal cases.

(a) Ark. Stat. Ann. § 28-607 (Repl. 1962) which, in essence and parts pertinent here, provides that no doctor or nurse shall be compelled to disclose any information which is acquired from his patient to enable him to prescribe, provided the patient can waive this privilege. It is noted that there is nothing in the statute which limits its application to civil cases. In the case of *Mutual Life Ins. Co.* v. *Owen,* 111 Ark. 554, 164 S.W. 720 it was held that the above statute was enacted as a matter of public policy.

(b) In the case of *Edwards* v. *State,* 244 Ark. 1145, 429 S.W. 2d 92, this Court had occasion to comment on the application of said section 28-607 as follows:

"In some states such statutes have been construed to apply only to civil cases; other courts have held them applicable to criminal trials as well. See, for example, *State* v. *Betts,* Ore. 384 P. 2d 198 (1963), and *State* v. *Sullivan,* Wash., 373 P. 2d 474 (1962). In the past we have assumed, without expressly declaring, that our statute does apply to criminal cases. *Wimberly* v. *State,* 217 Ark. 130, 228 S.W. 2d 991 (1950); *Cabe* v. *State,* 182 Ark. 49, 30 S.W. 2d 855 (1930); *Burris* v. *State,* infra."

In view of what we have pointed out above we are holding that the statute in question applies to criminal

as well as to civil cases. If that was not the intent of the legislature we prefer to let it so state.

Reversed.

FOGLEMAN, J., disqualified.

HARRIS, C.J. concurs.