JOHN EDWARD VAUGHN AND BOBBY DEAN WILKINS
*v.* STATE OF ARKANSAS

5709                                    470 S.W. 2d 873

Opinion delivered May 8, 1972

*William C. McArthur,* for appellants.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Deputy Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellants, Vaughn and Wilkins, were charged with burglary and grand larceny. The State alleged that on the night of January 21, 1971, they broke into a laundry pick-up station in Little Rock and carried away a safe. They appeal from a judgment finding them guilty and sentencing them to the

penitentiary. Wilkins questions the sufficiency of the evidence; Vaughn argues other points for reversal.

First: Wilkins' appeal. A witness who lived near the pick-up station heard a noise at about 11:15 p.m., looked out, and saw two or three persons pushing an object down the street. The witness dressed hurriedly, got in his car, and was able to note the license number of another car as it left the scene. The police were called, who found that the station had been forcibly entered and a safe taken away. The officers ascertained by radio that the suspected car was owned by Bertha Jean Wakefield. They arranged for her house, some miles away, to be watched until the car returned. Within about an hour the arrival of the car was reported.

A number of officers went to Mrs. Wakefield's house, entered with her permission, and searched the premises. They found Wilkins under a bed and Vaughn hiding in a closet. The car was searched, but no trace of the missing safe was discovered. Mrs. Wakefield testified that she had lent the vehicle to Vaughn that afternoon. Vaughn, accompanied by Wilkins, brought the car back at about 12:30 that night. The men had whiskey and hot sandwiches with them.

Upon the foregoing proof we cannot sustain Wilkins' conviction. All that the State proved was that Wilkins was with Vaughn in Mrs. Wakefield's car more than an hour after the crime and that Wilkins hid himself when the officers came in the house. No witness identified Wilkins as having been at the scene of the burglary. In our opinion the evidence, wholly circumstantial, falls short of establishing anything more than a strong suspicion of Wilkins' guilt. In *Washington v. State*, 251 Ark. 487, 473 S.W. 2d 157 (1971), we set aside a conviction based upon somewhat similar evidence, although there the State's proof was slightly stronger than it is here. Thus Wilkins is entitled to a new trial.

Second: Vaughn's appeal. Vaughn does not question the sufficiency of the evidence, not only because the suspected car had been in his possession but also because

his confession of guilt was received in evidence. Vaughn relies instead upon asserted procedural errors.

He first contends that the trial judge should have sustained the defendants' request that the prospective witnesses be excluded from the courtroom during trial. A dozen witnesses testified. When the State had concluded its direct examination of its first witness, a defense lawyer asked for the rule of exclusion, explaining that he had not been aware that all the witnesses were in the courtroom. The court denied the request on the ground that it came too late, that it should have been made at the beginning of the trial.

That ruling was error. We have two statutes on the subject. The older one is part of the Civil Code, Ark. Stat. Ann. § 28-702 (Repl. 1962), and provides that the trial judge "may" exclude from the courtroom any witness of the adverse party. That statute was formerly followed in criminal cases, but its application was held to be discretionary with the trial court. *Trammell* v. *State,* 193 Ark. 21, 97 S.W. 2d 902 (1936); *Mikel* v. *State,* 182 Ark. 924, 33 S.W. 2d 397 (1930).

By Act 243 of 1955, the title of which referred to the civil statute, the legislature provided that if the accused or his attorney requests it, the judge "shall" exclude any witness. Ark. Stat. Ann. § 43-2021 (Repl. 1964). The change from "may" to "shall" indicates a legislative intention to make the rule mandatory in criminal trials. Of course there might be instances in which a denial of the request would not appear to be prejudicial, but that is not the situation here. The State called as witnesses four police officers, who apparently heard one another testify. We must regard the error as having been prejudicial, for we cannot say with confidence that it was not. *Connelly* v. *State,* 232 Ark. 297, 335 S.W. 2d 723 (1960).

We find no error in the court's ruling that Vaughn's confession was voluntary. No coercion is shown, except that Vaughn was questioned intermittently for about twelve hours, beginning at 8:30 a.m. on the morning after his arrest. We need not set out the evidence in de-

tail, for the proof upon a retrial may be materially different. Nor do we discern either any want of probable cause for Vaughn's arrest or any prejudice flowing from the officers' testimony that he was arrested at Mrs. Wakefield's house.

Reversed.