LARRY WAYNE BURKS *v.* STATE OF ARKANSAS

CR 73-67                                498 S.W. 2d 336

Opinion delivered September 4, 1973

*James R. Howard* and *Howard, Howard & Howard,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Richard Mattison,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was found guilty of robbery by the trial court, sitting as a jury, and a 10-year penitentiary sentence was imposed. When the state rested its case, the appellant offered no testimony and moved for a directed verdict of not guilty which the court refused. On appeal appellant's only contention, through court appointed counsel, is that the court erred in its denial of the motion. We hold that the court was correct.

The thrust of appellant's argument is primarily directed toward insufficient identification. The victim of the robbery, a 72-year-old semi-retired mechanic, testified that the appellant and a companion came into his garage and asked for some bolts for a mechanical unit. On direct examination the victim identified the appellant as the one who "shoved the gun in my side" and demanded his money. Appellant then struck him with the gun and removed his billfold and its contents ($100-$120) from his pocket. The robber and his companion fled and were apprehended a few minutes later in the vicinity by the police. On cross-examination the victim testified that, although he could not "make a positive identification," the appellant resembled the individual who robbed him since he was the same size and height. The victim further answered that he had previously identified appellant in a lineup procedure on the afternoon of the robbery. The appellant admitted in his own uncontradicted handwritten statement that he was present at the scene of the alleged offense, although he denied being a participant.

It is a well established rule that a directed verdict is proper only when no fact issue exists and on appeal we review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence. *Parker* v. *State,* 252 Ark. 1242, 482 S.W. 2d 822 (1972). In the case at bar a factual issue existed and the evidence is amply substantial to support the verdict.

Affirmed.