Casell PRIDGETT and Levester WILLIAMS, Jr.
*v.* STATE of Arkansas

CR 82-28 631 S.W.2d 833

Supreme Court of Arkansas
Opinion delivered May 3, 1982

*James L. Sloan,* for appellant Pridgett.

*Robert F. Morehead,* for appellant Williams.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellants were jointly charged and tried for aggravated robbery and theft of property at a Safeway store in Pine Bluff. While they were jointly charged, tried and convicted, the state's cases against them are vastly different. We affirm the convictions of appellant Levester Williams, Jr., and reverse and dismiss the convictions of appellant Casell Pridgett.

The evidence established that two men, later positively identified as appellant Levester Williams, Jr., and a third person entered the store on August 25, 1979, around 10:50 p.m. and, after pushing their grocery cart to the checkout stand, at gunpoint forced the employees to open the safe. They then took money and fled from the store.

Just after 10:00 p.m., or approximately 45 minutes before the robbery, a witness saw a white Lincoln automobile headed west at 30th and Hazel Streets going toward the Safeway store which is located at 28th and Hazel Streets. The witness testified that the same car went by the intersection of 30th and Hazel Streets at least three times between 10:00 and 10:30 p.m. The car was driven by an unidentified black man. The witness testified that the car's license plate number was DZE 050, but the witness was uncertain about the E. Appellant Casell Pridgett, a black male, owned a white Lincoln with the license plate number DZC 050. Five days after the robbery Casell Pridgett's car was seen on a Piggly Wiggly grocery store parking lot in Stuttgart, which is approximately 40 miles from Pine Bluff. The Stuttgart police stopped the car and found appellant Pridgett, appellant Williams and the other subsequently identified robber in the car along with a fourth person. At trial, Pridgett took the stand and denied any part in the robbery and theft. The jury returned a guilty verdict and sentenced Pridgett to fifteen years in prison for the aggravated robbery conviction

and seven-and-one-half years for the theft of property. We reverse and dismiss. Williams was sentenced to twenty years for the aggravated robbery charge and ten years for the theft of property. We affirm.

Pridgett contends that the evidence is insufficient to sustain the verdict against him. We agree. Viewing the evidence most favorably to the state we find no substantial evidence to support the jury verdict. Only two men entered the store and took part in the robbery. They were both identified and Pridgett was neither one of them. There was no proof that the robbers used an automobile in their arrival or their escape. The only evidence positively identifying Pridgett with the crime is his association with the participants at a time, five days, and a place, 40 miles, remote from the offense. This case is wholly different from those cases in which evidence to connect the accused with a crime is his proximity to the scene and timely association with a person involved in a manner suggestive of joint participation. E.g. *Vaughn and Wilkins* v. *State,* 252 Ark. 505, 479 S.W.2d 873 (1972), distinguished in *Redman* v. *State,* 265 Ark. 774, 784, 580 S.W.2d 945 (1979).

The evidence is strong that Pridgett's automobile was seen three times at 30th and Hazel Streets heading west toward the Safeway store at 28th and Hazel Streets at about the time of the robbery, but there is no proof that Pridgett was driving the car, that an automobile was used in the crimes, or that more than two persons participated in the robbery. The evidence, wholly circumstantial, falls short of establishing anything more than a suspicion of Pridgett's guilt. The verdict is not supported by substantial evidence and the jury had to reach its conclusion by resorting to speculation or conjecture. When a verdict is based solely upon speculation or conjecture, we reverse. *Abbott* v. *State,* 256 Ark. 558, 508 S.W. 2d 733 (1974). Therefore we reverse the convictions and dismiss the charges against appellant Casell Pridgett.

Appellant Levester Williams, who was identified by eyewitnesses as one of the two robbers, contends that the trial court "erred in not excluding the identification testimony

and evidence being tainted and again in so doing without an in-camera voir dire of identification witnesses." There was no motion to suppress the identification evidence nor was there any objection to the identification testimony. The issue was never presented to the trial court, is raised for the first time on appeal, and is not properly before this court. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Williams also contends that the evidence is insufficient to sustain the verdicts. There was substantial evidence against Williams since eyewitnesses positively identified him as one of the two armed robbers. The jury chose to believe the testimony was reliable. The assessment of the reliability of witnesses is the very task our system assumes juries can perform. We affirm the convictions of Levester Williams, Jr.

Affirmed as to Levester Williams, Jr.

Reversed and dismissed as to Casell Pridgett.