**David S. GONZENBACH,
Plaintiff-Appellant,**

v.

**The Honorable James RUDDY, Judge of the Circuit Court of St. Louis County, Missouri, Defendant-Respondent.**

**No. 46271.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Feb. 23, 1983.

C. John Pleban, St. Louis, for plaintiff-appellant.

James Baker, Asst. Pros. Atty., Clayton, for defendant-respondent.

CRIST, Judge.

Preliminary order in prohibition made absolute.

The question presented is whether or not the physician-patient privilege applies in a criminal case (DWI) to blood test evidence developed as a part of hospital treatment for trauma received in an automobile accident. Section 491.060 RSMo.1978.

On July 30, 1980, plaintiff David S. Gonzenbach, was involved in an automobile accident in which an individual was killed. Plaintiff was injured in the same automobile accident and was taken to St. John's Mercy Medical Center where he was admitted and treated for his injuries. At the time of his admission and during his stay at the hospital numerous tests were conducted. One of the tests conducted by his treating physician in conjunction with the injury was a blood alcohol analysis. The test was conducted at the direction of his treating physician and for purposes of treatment associated with the automobile accident.

The tests were not conducted at the request of the police. No police officer was present at the time of plaintiff's admission nor when the blood test was conducted.

On March 17, 1982, a subpoena duces tecum was issued by the Circuit Clerk of St. Louis County addressed to the Custodian of Medical Records at St. John's Mercy Hospital calling for the production of "any and all results of blood alcohol analysis" taken on plaintiff on July 30, 1980. Plaintiff filed a motion to quash the grand jury subpoena. On August 23, 1982, defendant entered its order indicating plaintiff's motion to quash the grand jury subpoena would be overruled on September 27, 1982. On September 22, 1982, this court issued its Preliminary Order in Prohibition.

We must look to the physician-patient privilege statute for guidance. For the most part, courts in other jurisdictions have followed the dictates of their particular statutes. Where the statute of a state was broad, it usually found the physician-patient privilege applicable in criminal cases. Annot., 7 A.L.R.3rd 1458, 1460.

Our statute, § 491.060(5), is couched in broad language:

The following persons shall be incompetent to testify:

\* \* \* \* \* \*

(5) A physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon.

There is nothing in the language in this statute suggesting the privilege it affords applies only in civil cases. *See, Ragsdale v. State*, 245 Ark. 296, 432 S.W.2d 11, 13 (1968). If the legislature had intended an exception for criminal cases, it should have so provided. Absent such direction from the legislature, we will not infer an exception to § 491.060(5).

Defendant circuit judge asserts the physician-patient privilege of § 491.060(5) was abrogated by § 577.030, RSMo.1978. But not so. Section 577.030 merely provides for the admission into evidence of such blood tests where it is otherwise admissible. If the public interest demands a change in our statutory law, the legislature is the proper forum.

Our preliminary order in prohibition is made absolute. Plaintiff's motion to quash the grand jury's subpoena, filed in the trial court, is granted.

DOWD, P.J., and PUDLOWSKI, J., concur.