STATE of Missouri, ex rel. Mark D. MEHLE, Relator-Respondent,

v.

The Honorable Milton HARPER, Judge of the Associate Circuit Court of Boone County, Missouri, Division IV, Respondent-Appellant.

No. WD33470.

Missouri Court of Appeals, Western District.

Dec. 14, 1982.

Joe Moseley, Pros. Atty., Columbia, Kandice Johnson, Asst. Pros. Atty., for respondent-appellant.

Larry M. Woods, Sapp, Woods, Orr & Bley, Columbia, for relator-respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Appeal from circuit court's order making absolute a writ of prohibition. The order prohibits the associate circuit court from compelling respondent Mehle to disclose the results of a blood alcohol test.

Mehle was taken to the hospital following his injury in an automobile accident. There a blood sample was drawn and tested for blood alcohol content. The test was ordered by the emergency room physician for the purpose of treating Mehle; it was not requested by police authorities. The police were not present when the blood was drawn and only later learned that the test had been run.

Mehle was subsequently charged with driving while intoxicated. Upon motion by the state under Rule 25.06, Judge Harper ordered Mehle to disclose the results of the blood alcohol test. The circuit court prohibited Associate Circuit Judge Harper from enforcing that order, and Judge Harper has appealed.

The fundamental issue is the application of the physician patient privilege contained in § 491.060 RSMo 1978 to the blood test here in question. There is no issue of waiver, and this case does not involve the taking of such a sample by police direction.

The motion filed by the state was under Rule 25.06, and the associate circuit court order does not comply with Rule 25.06(D) requiring that the grounds for the decision be made a part of the record. Neither in the circuit court nor here have the parties addressed that issue. Absent the stipulation of fact made by the parties, excluding questions of waiver and police intervention in the process of drawing the blood, the order might not be reviewable without the trial court's compliance with the mandate of Rule 25.06(D). The parties have assumed, and argue the case on the basis, that the associate circuit judge found that § 491.060 RSMo 1978 did not bar discovery.

■ The argument here centers on that issue. The argument on behalf of Judge Harper asserts that Rule 25.06(B)(8) permits taking of samples and that Rule 19.02 provides that the rules of criminal procedure supercede all inconsistent statutes. Thus, the argument is that § 491.060 is superceded by the discovery Rule 25.06. The interpretation contended for would allow the state to compel discovery in disregard of the statute. This interpretation would be contrary to the constitutional mandate requiring supreme court rules to be in conformity with the law relating to evidence. Mo. Const. art. V, § 5. When a statute or rule may be interpreted so as to make it constitutionally valid, that interpretation will be adopted. *Chamberlin v. Missouri Elections Comm'n,* 540 S.W.2d 876, 879 (Mo. banc 1976).

■ The privileges enumerated in § 491.060 RSMo 1978 have recently been held to apply in criminal as well as civil cases. *Gonzenbach v. Ruddy,* 645 S.W.2d 27 (Mo.App.1982). In *Gonzenbach,* the court made absolute its writ prohibiting the circuit court from overruling a patient's motion to quash a grand jury subpoena compelling production of the results of a blood alcohol analysis. As in this case, the test was run in the course of treating the patient following an automobile accident, and was not as a result of police intervention.

The distinction between *Gonzenbach* and this case is the source of authority seeking disclosure of the test results. The power of the criminal discovery rules to compel disclosure was not discussed in *Gonzenbach.* What has been stated as to the constitutional limit upon the effect of the rules makes it clear the same result should follow in the instant case.

■ It is also argued on behalf of Judge Harper that the remedy of prohibition was inappropriate, counsel urging that the action taken was within his "discretion." A judge has no "discretion" to take unlawful action. The restraint of unlawful judicial action is the prime function of prohibition. This principle has been applied in discovery cases. In *State ex rel. Houser v. Goodman,* 406 S.W.2d 121, 127 (Mo.App. 1966), the court prohibited a circuit judge from denying a party the right to take depositions. The court found the judge's action unlawful and held that prohibition was appropriate to restrain orders made without legal authority. Cases in which the court has a discretionary power to control

discovery processes are inapposite when the issue is the lawfulness of the court's order.

The judgment is affirmed.

All concur.