STATE of Missouri, Plaintiff/Appellant,

v.

Carol Sue SMITH,
Defendant/Respondent.

No. ED 82604.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 22, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 15, 2003.

Case Transferred to Supreme Court Oct. 28, 2004.

Case Retransferred to Court of Appeals May 25, 2004.

Original Opinion Reinstated June 7, 2004.

---

H. Morley Swingle, Pros. Attorney, John N. Koester, Jr., Asst. Pros. Attorney, Cape Girardeau County, MO, for appellant.

Stephen C. Wilson, Cape Girardeau, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

The state appeals, pursuant to Section 547.200 RSMo (2000), from the order of the circuit court suppressing the results of a blood alcohol test administered pursuant to a search warrant obtained and executed after defendant refused to submit to a chemical test. We hold that the clause, "none shall be given," in the refusal provision of the Implied Consent Law, Section 577.041 RSMo (Supp.2002), prohibits warrantless tests authorized by law enforcement officers pursuant to Chapter 577, but does not prohibit a court from issuing a search warrant to obtain samples of a defendant's blood for chemical testing. We therefore reverse and remand.

After defendant, Carol Sue Smith, was arrested for driving while intoxicated in Cape Girardeau County, she refused to give a blood, breath, or urine test. The deputy sheriff who arrested her applied for a search warrant for defendant's blood and urine on the ground that they contained evidence of driving while intoxicated. The circuit court issued a search warrant. The search warrant was executed, and a paramedic drew defendant's blood. The prosecuting attorney filed an informa-

tion charging defendant with the Class B misdemeanor of driving an automobile while intoxicated, in violation of Section 577.010 RSMo (2000), the Class A misdemeanor of endangering the welfare of a child in the second degree, in violation of Section 568.050 RSMo (2000), and the infraction failing to secure a child in a safety belt, in violation of Section 307.178 RSMo (2000). Defendant filed a motion and a supplemental motion to suppress the blood drawn from defendant on the ground that the warrant was prohibited by Section 577.041.1. The trial court granted the motion to suppress.

In its judgment and order, the trial court found that the plain language of the refusal section of the implied consent law, Section 577.041, showed that the legislature intended to limit the state's right to seek a search warrant, because that section provides that, after refusal to consent to a chemical test, "none shall be given." The state appeals from that order.

## DISCUSSION

■ For its sole point on appeal, the state contends that the trial court erred in suppressing the results of the blood test administered to defendant because the implied consent law's prohibition of chemical tests upon refusal does not apply to chemical testing of blood obtained pursuant to a warrant. Because this appeal concerns a question of law, our review is *de novo*. *State v. Martin*, 79 S.W.3d 912, 916 (Mo. App.2002).

■ Under the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 15, of the Missouri Constitution, a search and seizure that is not conducted by consent or pursuant to a warrant is presumed unreasonable unless "it falls within one of a carefully defined set of exceptions, many of which are based on the presence of exigent

circumstances." *State v. Rutter*, 93 S.W.3d 714, 723 (Mo. banc 2002). However, a warrantless search conducted with proper consent, voluntarily given, is constitutionally valid. *State v. Blair*, 638 S.W.2d 739, 750 (Mo. banc 1982); *State v. Smith*, 90 S.W.3d 132, 141 (Mo.App.2002). Otherwise stated, absent consent or exigent circumstances, law enforcement officers must obtain a warrant to conduct a search and seizure that would invade a constitutionally-protected privacy interest. *Bezayiff v. City of St. Louis*, 963 S.W.2d 225, 234 (Mo.App.1997).

■ It is generally recognized that a court may issue a search warrant pursuant to Section 542.271 RSMo (2000) for withdrawal of blood samples to determine the existence of alcohol in the blood, and the results are admissible. *State v. Waring*, 779 S.W.2d 736, 740–41 (Mo.App.1989); *State v. Trice*, 747 S.W.2d 243, 246 (Mo. App.1988); *State v. Stottlemyre*, 752 S.W.2d 840, 842 (Mo.App.1988). *See also State v. Willis*, 97 S.W.3d 548 (Mo.App. 2003). These principles are articulately set out in *Waring*:

A blood sample analysis is admissible in a criminal trial even without consent when the sample is drawn incident to an accused's valid arrest for an alcohol-related traffic offense. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *State v. Setter*, 721 S.W.2d 11, 16 (Mo.App.1986). Similarly, a blood sample may be seized under a search warrant if it is evidence of the commission of a criminal offense. Section 542.271.1(1). The test results of such samples are admissible in evidence. *State v. Trice, supra* at 248. It logically follows that the results of alcohol level tests done on blood samples of an accused performed under the direction of the accused's physician are admissible. The absence of consent, implied or oth-

erwise, is not an absolute barrier to the admissibility of the results of a blood test. In this case the admissibility of the blood analysis was not founded on samples obtained pursuant to Section 577.020. The results were disclosed by a seizure under a search warrant.

779 S.W.2d at 740–41.

Further, in cases not involving warrants, our courts have recognized that Chapter 577 is not the exclusive means to obtain chemical test results for use as evidence in a criminal trial. *State v. Todd,* 935 S.W.2d 55, 58–61 (Mo.App.1996) (a blood test that was not conducted at the request or direction of a law enforcement officer or for the purpose of litigation could be admitted under the Uniform Business Records Act); *State v. Lerette,* 858 S.W.2d 816, 818–19 (Mo.App.1993) (blood tests ordered by police that had not been taken in accord with the implied consent law or by warrant were admissible under the exigent circumstances exception).

Defendant responds that these cases do not address the application of Section 577.041.1 to the admission of chemical test results obtained by warrant from a person, like herself, who has refused to be tested after having been arrested for driving while intoxicated. We conclude that the provisions of Section 577.041.1 do not prohibit the admission of chemical test results obtained by warrant from a person arrested for driving while intoxicated who has refused a police officer's request to submit to a test.

Section 577.041 is part of Missouri's Implied Consent Law, which was first enacted in 1965,[1] and is now found in Chapter 577. Section 577.020 RSMo (Supp.2001) sets out the circumstances in which a motor vehicle operator upon the public highways of Missouri is deemed to have given consent to a chemical test of breath, blood, saliva, or urine for the purpose of determining the alcohol or drug content of that person's blood. It also directs the procedures to be followed. The statute authorizes the chemical test to be "administered at the direction of the law enforcement officer." Section 577.020.1.

The constitutionality of a warrantless extraction of a blood sample at the direction of a police officer incident to a lawful arrest was decided in *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The United States Supreme Court specifically considered whether an individual's Fourth and Fourteenth amendment rights were violated in this situation when the individual refused to consent to the test, and the test results were then admitted in his prosecution for driving while under the influence. The Court held that the question was whether the arresting officer was permitted to draw the inferences supporting a search and to proceed with obtaining a blood sample for testing, or whether the officer was required instead to procure a warrant before proceeding with the test. *Schmerber,* 384 U.S. at 770, 86 S.Ct. at 1835. It recognized that the "requirement that a warrant be obtained is a requirement that inferences to support the search 'be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' " *Id.* (quoting *Johnson v. United States,* 333 U.S. 10, 13–14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948)). However, it determined that, in the case before it, the officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence.' " *Id.* (quoting *Preston v. Unit-*

---

**1.** *See* Sections 564.441–564.444 RSMo (Supp.     1965).

*ed States,* 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964)). The Court concluded that, in light of the evidence that a test must be given promptly to secure evidence of blood-alcohol content and that there was insufficient time to obtain a warrant, "the attempt to secure evidence of blood-alcohol content in this case was an appropriate incident to petitioner's arrest." *Id.,* 384 U.S. at 770–71, 86 S.Ct. at 1836. It found the type of test and its performance were reasonable,[2] and therefore there was no violation of the Fourth or Fourteenth amendments. *Id.,* 384 U.S. at 771–72, 86 S.Ct. at 1836.

Immediately after *Schmerber* was decided, the Missouri Supreme Court considered constitutional challenges to Missouri's Implied Consent Law. *Blydenburg v. David,* 413 S.W.2d 284 (Mo. banc 1967). It quoted heavily from *Schmerber* and held that *Schmerber* "has established controlling constitutional standards for determining the admissibility of the results of a similar sobriety test as evidence in a criminal case." *Id.* at 287. It found Missouri's Implied Consent Law constitutional under the United States and Missouri constitutions. *Id.* at 289.

█ The central feature of the Implied Consent Law is that persons who avail themselves of the privilege of driving on the state's public streets and highways are deemed to have consented to a chemical analysis of their blood alcohol level or drug content. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 619 (Mo. banc 2002); *State*

*v. Trumble,* 844 S.W.2d 22, 23 (Mo.App. 1992). This "implied consent" allows law enforcement officers to obtain blood in circumstances in which a warrant or actual consent may otherwise be required. "Therefore, under the aegis of *Schmerber,* obtaining blood from an arrestee on probable cause without a warrant and without actual consent does not offend the constitutional guarantees of due process or Fourth and Fourteenth Amendment right of freedom from unreasonable search and seizure, Fifth Amendment privilege against self incrimination, or a Sixth Amendment right to counsel." *Trumble,* 844 S.W.2d at 23–24 (citing *Schmerber,* 384 U.S. at 759–770, 86 S.Ct. at 1829–1836).

At issue in this case is the "refusal" provision of the Implied Consent Law, which is contained in Section 577.041. It begins:

1. If a person under arrest, or who has been stopped pursuant to subdivision (2) or (3) of subsection 1 of section 577.020, refuses upon the request of the officer to submit to any test allowed pursuant to section 577.020, then none shall be given and evidence of the refusal shall be admissible in a proceeding pursuant to section 565.024 or 565.060, RSMo, or section 577.010 or 577.012.

It further provides that, upon a report of the refusal made in compliance with section 577.041, the person's license shall be revoked. Section 577.041.3.

---

2. *See Cooper v. Gammon,* 943 S.W.2d 699, 705 (Mo.App.1997):

> The United States Supreme Court has "recognized society's judgment that blood tests do not constitute an unduly extensive imposition on an individual's personal privacy and bodily integrity." *Winston,* 470 U.S. at 762, 105 S.Ct. at 1617. The blood test procedure has become a common, routine occurrence in everyday life. *Schmerber v.*

> *California,* 384 U.S. 757, 771, 86 S.Ct. 1826, 1836, 16 L.Ed.2d 908 (1966); *Breithaupt v. Abram,* 352 U.S. 432, 436, 77 S.Ct. 408, 410 1 L.Ed.2d 448 (1957). The Supreme Court therefore has held "that a blood test taken by a skilled technician is not such 'conduct that shocks the conscience.'" *Breithaupt,* 352 U.S. at 437, 77 S.Ct. at 411 (citations omitted).

To support her position that Section 577.041.1 provides the exclusive means by which her blood could be tested, defendant relies on the language in Section 577.041 providing that, if a person under arrest refuses a law enforcement officer's request to submit to any chemical test allowed pursuant to Section 577.020, "then none shall be given." She argues that this language prohibits a compelled blood sample from being obtained by warrant. We disagree.

■ Because of the use of the passive voice in the clause "none shall be given," that clause does not specify *who* is prohibited from giving a test. Accordingly, in construing this provision we must consider the context and related clauses of this statute. *State v. Campbell*, 564 S.W.2d 867, 869 (Mo. banc 1978). We therefore look at the context in which "none shall be given" is used to determine to whom this passive command is directed. *See State ex rel. Holterman v. Patterson*, 24 S.W.3d 784, 786 (Mo.App.2000). When we read Section 577.041.1 with Section 577.020.1, as we must, *Eyberg v. Director of Revenue*, 935 S.W.2d 376, 379 (Mo.App.1996), the only actor to whom this clause can be directed is a law enforcement officer. This is because the tests allowed pursuant to Section 577.020 are those "administered at the direction of the law enforcement officer." Section 577.020.1. We have interpreted the phrase "none shall be given" to mean that a law enforcement officer is without authority to administer the test once it is refused, Blanchard v. Director of Revenue, 844 S.W.2d 589, 590 (Mo.App. 1993), and our courts have held that "law enforcement officers are significantly limited" by this provision. *Trumble*, 844 S.W.2d at 24. To hold that this clause prohibits courts from issuing search warrants would introduce a new subject matter unrelated in kind to the remainder of the statute. *See Campbell*, 564 S.W.2d at 870. The command that "none shall be given" is addressed only to the authority of *law enforcement officers* to proceed with a warrantless test under Chapter 577.

The Missouri Implied Consent Law was enacted to codify the procedures under which a law enforcement officer could obtain bodily fluids for testing by consent without a search warrant. It provides administrative and procedural remedies for refusal to comply. Because it is directed only to warrantless tests authorized by law enforcement officers, it does not restrict the state's ability to apply for a search warrant to obtain evidence in criminal cases pursuant to section 542.276 RSMo (2000) or a court's power to issue a search warrant under section 542.266 RSMo (2000). Defendant did not otherwise challenge the validity of the search warrant under section 542.271. The trial court erred in granting defendant's motion to suppress.

The order of the trial court granting defendant's motion to suppress is reversed and the case is remanded.

GARY M. GAERTNER, Sr., J. and PAUL J. SIMON, Sr. J. concur.