

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| RICHARD HERSHEY, | ) | No. ED113004 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable John N. Borbonus |
| THE CURATORS OF THE UNIVERSITY | ) | |
| OF MISSOURI, ET AL., | ) | |
| | ) | |
| Respondents. | ) | FILED: July 15, 2025 |

Richard Hershey filed a petition against the Curators of the University of Missouri ("the University") and four employees of the University in their individual capacities, alleging violations of the Campus Free Expression Act ("CFEA"), section 173.1550.[1]  The circuit court dismissed Hershey's claims against the individual defendants and entered summary judgment in favor of the University.  Hershey now appeals.

We affirm the circuit court's judgment dismissing Hershey's claims against the individual defendants because the CFEA does not authorize a cause of action against them.  We also affirm the circuit court's entry of summary judgment in favor of the University because Hershey fails to present an argument for reversal that is properly connected to the material facts in the summary judgment record.

---

[1] All statutory references are to RSMo (2016).

**Background**

The CFEA provides that "outdoor areas of campuses of public institutions of higher education in this state shall be deemed traditional public forums." Section 174.1550.2. Pursuant to the statute, "[p]ublic institutions of higher education may maintain and enforce reasonable time, place, and manner restrictions in service of a significant institutional interest only when such restrictions employ clear, published, content, and viewpoint-neutral criteria, and provide for ample alternative means of expression." Section 173.1550.2. The CFEA also declares that "[a]ny person who wishes to engage in noncommercial expressive activity on campus shall be permitted to do so freely, as long as the person's conduct is not unlawful and does not materially and substantially disrupt the functioning of the institution subject to the requirements of subsection 2 of this section." Section 173.1550.3. The "distribution of literature" is an expressive activity protected under the CFEA. Section 173.1550.1. The CFEA creates a private cause of action for "any violation" of the statute. Section 173.1550.5.

In his petition, Hershey claimed that the University and the individual defendants violated the CFEA while he was distributing literature about his vegetarian beliefs at the University's campuses in Columbia, Rolla and St. Louis. On each occasion, Hershey asserted, the University and one or more of the individual defendants prevented or interfered with his ability to freely engage in distributing literature in violation of the CFEA. Hershey also alleged that the University maintains policies that violate the CFEA, that the University required Hershey to comply with those policies by ordering the individual defendants and others to enforce them against Hershey, and that the individual defendants directly interfered with Hershey's rights by enforcing those policies against him. Hershey acknowledged at oral argument before this Court that his petition

2

asserted claims against the individual defendants only in their individual capacities, not in any official capacity.

The individual defendants filed a motion to dismiss Hershey's petition on the ground that the CFEA does not create a cause of action against individuals, only against "public institutions of higher education." The circuit court agreed and dismissed all of Hershey's claims against the individual defendants. After a period of discovery, the University filed a motion for summary judgment arguing, among other things, that Hershey could not demonstrate his expressive rights were actually violated under the CFEA because the undisputed facts showed that the University never enforced its policies against him and never prevented him from distributing materials on any campus. The circuit court entered summary judgment in favor of the University. This appeal follows.

**Discussion**

Hershey asserts six points on appeal. His first point argues that the circuit court erred in dismissing his claims against the individual defendants, and his remaining points attempt to challenge the circuit court's entry of summary judgment in favor of the University.

*Judgment Dismissing Claims Against Individual Defendants*

The circuit court dismissed Hershey's claims against the individual defendants on the ground that the CFEA does not authorize a cause of action against them. Because Hershey sued the individual defendants *only* in their individual capacities, we do not address whether dismissal would have been proper had he sued them in their official capacities as employees of the University, a public entity and an instrumentality of the State of Missouri. *See Brantl v. Curators of Univ. of Missouri*, 616 S.W.3d 494, 499-500 (Mo. App. W.D. 2020).

3

The sole question before us is an issue of first impression: whether the CFEA creates a cause of action against individuals acting in their individual capacities. We review this question of statutory interpretation de novo. *See Miller v. Frank*, 519 S.W.3d 472, 475 (Mo. App. E.D. 2017).

"The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Kehlenbrink v. Dir. of Revenue*, 577 S.W.3d 798, 800 (Mo. banc 2019) (internal quotation marks and citation omitted). "Words in a statute are not read in isolation but, rather, are read in the context of the statute to determine their plain and ordinary meaning." *Id.* Where, as here, the plain meaning does not create an ambiguity or lead to an illogical result that defeats the purpose of the statute, we apply the language of the statute without employing the canons of statutory construction. *Id.*; *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014).

To determine whether the legislature intended to create a cause of action against these individual defendants, we begin with the full text of the CFEA:

> 1. The provisions of this section shall be known and cited as the "Campus Free Expression Act". Expressive activities protected under the provisions of this section include, but are not limited to, all forms of peaceful assembly, protests, speeches, distribution of literature, carrying signs, and circulating petitions.
>
> 2. The outdoor areas of campuses of public institutions of higher education in this state shall be deemed traditional public forums. Public institutions of higher education may maintain and enforce reasonable time, place, and manner restrictions in service of a significant institutional interest only when such restrictions employ clear, published, content, and viewpoint-neutral criteria, and provide for ample alternative means of expression. Any such restrictions shall allow for members of the university community to spontaneously and contemporaneously assemble.
>
> 3. Any person who wishes to engage in noncommercial expressive activity on campus shall be permitted to do so freely, as long as the person's conduct is not

4

unlawful and does not materially and substantially disrupt the functioning of the institution subject to the requirements of subsection 2 of this section.

4. Nothing in this section shall be interpreted as limiting the right of student expression elsewhere on campus.

5. The following persons may bring an action in a court of competent jurisdiction to enjoin any violation of this section or to recover compensatory damages, reasonable court costs, and attorney fees:

> (1) The attorney general;
> (2) Persons whose expressive rights were violated through the
> violation of this section.

6. In an action brought under subsection 5 of this section, if the court finds a violation, the court shall award the aggrieved persons no less than five hundred dollars for the initial violation, plus fifty dollars for each day the violation remains ongoing.

7. A person shall be required to bring suit for violation of this section not later than one year after the day the cause of action accrues. For purposes of calculating the one-year limitation period, each day that the violation persists, and each day that a policy in violation of this section remains in effect, shall constitute a new violation of this section and, therefore, a new day that the cause of action has accrued.

Section 173.1550.

Subsection 5 of the statute expressly authorizes a person "whose expressive rights were violated" to bring a cause of action for "any violation" of the CFEA, but does not specify the types of defendants against whom the cause of action may be brought. Section 173.1550.5. It is axiomatic that a person cannot violate a statute if the statute does not apply to that person. Therefore, to decide if individuals acting in their individual capacities can be sued for "any violation" of the CFEA, we must determine whether the CFEA applies to them. For the following reasons, we conclude that it does not.

There is not a single mention in the CFEA of what *individuals* can or cannot do with regard to another person's speech on campus. The CFEA is entirely focused on what "*public institutions of higher education*" can and cannot do with respect to campus speech. Specifically, section 173.1550.2 provides that "public institutions of higher education may maintain and enforce" policies restricting the time, place and manner of speech in the outdoor areas of campuses, deemed traditional public forums, but only within the parameters set forth therein. Hershey admits that subsection 2 applies only to the conduct of institutions because only institutions can have such policies in the first place. He argues, however, that individuals can violate the CFEA in another way: by interfering with another person's ability to freely engage in expressive activities under section 173.1550.3.

Section 173.1550.3 provides that a person who wishes to engage in noncommercial expressive activity on campus "shall be permitted to do so freely" with certain caveats about the person's conduct. This passive command—that expressive activities "shall be permitted" freely—does not identify to whom it is directed. But the mere fact that subsection 3 uses an implied subject and lacks any explicit reference to "public institutions of higher education" does not, as Hershey contends, mean that this command is directed to the world at large. Rather, to the extent that the lack of a subject in this passive command, when viewed in isolation, raises any question as to whom it is directed, we look at the entire statute for the answer. *See Kehlenbrink*, 577 S.W.3d at 800-01; *see also State v. Smith*, 134 S.W.3d 35, 40 (Mo. App. E.D. 2003) (considering context in which passive command—"none shall be given"—was used when determining to whom it was directed).

As the first two subsections of the CFEA indicate, the gravamen of this legislation is to protect expressive activities in the outdoor areas of public campuses from overreach by the

institution of higher learning on whose campus that speech is occurring. *See* section 173.1550.1-2. In that context, subsection 3 can only be read as a command that *the institution* permit people to engage in such activities "freely." It cannot, as Hershey contends, be read as a directive to every member of the general public not to interfere with such activities. Moreover, it is ordinarily understood that to "permit" something, one must have authority over it. *See* WEBSTER'S NEW INT'L DICTIONARY 1683 (3d ed. 2002)[2] (defining the verb "permit" in relevant part as "to consent to expressly or formally," to "grant leave for or the privilege of" and "to give (a person) leave"). "Permit" is, in fact, synonymous with "authorize." *Id.* Individuals do not have any authority over another person's speech under the CFEA. Rather, because the CFEA speaks only to a public institution's exercise of authority over campus speech, it is clear that the legislature intended the phrase "shall be permitted" in section 173.1550.3 to be directed only at those institutions. *See Swafford v. Treasurer of Missouri*, 659 S.W.3d 580, 583 (Mo. banc 2023) (stating that the plain and ordinary meaning of words in a statute "may be derived from a dictionary" and "by considering the context of the *entire* statute" in which those words appear (internal quotation marks and citation omitted)).

Based on the plain and unambiguous meaning of the statutory language, we conclude that the CFEA does not govern what individuals can and cannot do with regard to another's speech on campus (at least not when those individuals are acting solely in their individual capacities) and, therefore, individuals cannot violate the CFEA or be sued under section 173.1550.5. The circuit court properly dismissed Hershey's claims against the individual defendants. Point I is denied.

---

[2] Webster's Third New International Dictionary is this Court's "institutional dictionary of choice." *Boles v. City of St. Louis*, 690 S.W.3d 592, 601 (Mo. App. E.D. 2024).

7

*Summary Judgment on Claims Against the University*

We review the grant of summary judgment de novo. *Switzer Living Tr., U/A Dated Feb. 5, 2019 by & Through Switzer v. Lake Lotawana Ass'n, Inc.*, 687 S.W.3d 476, 482 (Mo. App. W.D. 2024). Summary judgment can only be based on the facts established by the statement of uncontroverted material facts ("SUMF") and responses thereto submitted under the numbered-paragraph-and-response framework set out in Rule 74.04(c)(1)-(4).[3] *See id.* at 483; *see also Bracely-Mosley v. Hunter Eng'g Co.*, 662 S.W.3d 806, 810 (Mo. App. E.D. 2023). Appellate review of a summary judgment is similarly limited solely to those facts. *Switzer*, 687 S.W.3d at 482-83; *Bracely-Mosley*, 662 S.W.3d at 810-11. Because the Rule 74.04(c) facts are the only ones "relevant to the questions presented" on appeal of a summary judgment, those are the facts that Rule 84.04(c) requires the appellant to set forth fairly, concisely and without argument in the statement-of-facts section of a brief to this Court. *See Switzer*, 687 S.W.3d at 484; *Bracely-Mosley*, 662 S.W.3d at 810-11. Moreover, each factual assertion in the statement of facts must contain a specific page citation to the "relevant portion of the record on appeal." Rule 84.04(c). The "relevant portion[s]" of the record in a summary judgment appeal are the documents containing the Rule 74.04(c) numbered paragraphs and responses: namely, the movant's SUMF and the non-movant's response, the non-movant's additional SUMF and the movant's reply, and the movant's supplemental SUMF and the non-movant's surreply. Rule 74.04(c)(1)-(5).

Similarly, the argument section of an appellant's brief must be connected to the Rule 74.04(c) facts as set out in the numbered paragraphs and responses. *Switzer*, 687 S.W.3d at 485. This is true whether the appellant's argument for reversal is based on the assertion that a genuine issue of material fact exists or the contention that the undisputed facts do not support judgment as

---

[3] All rule references are to the Missouri Supreme Court Rules (2024).

a matter of law. *Id.* An argument on appeal that relies solely on the material cited in and attached to the SUMF and response—the "pleadings, discovery, exhibits or affidavits" required by Rule 74.04(c)—is "completely untethered" from the numbered-paragraph-and-response framework of Rule 74.04(c). *Great S. Bank v. Blue Chalk Constr., LLC*, 497 S.W.3d 825, 834-35 (Mo. App. S.D. 2016). An argument that summary judgment was improper without "any reference to or mention of specific Rule 74.04(c) paragraphs and responses" is "analytically useless to our review." *Switzer*, 687 S.W.3d at 485 (internal quotation marks and citation omitted). And just as is required in the statement of facts, each factual assertion in the argument must contain a specific page citation to the documents containing the Rule 74.04(c) numbered paragraphs and responses (i.e., the movant's SUMF and the non-movant's response, the non-movant's additional SUMF and the movant's reply, and the movant's supplemental SUMF and the non-movant's surreply), as those are the "relevant portion[s] of the record" in this type of appeal. Rule 84.04(e).

Hershey's brief fails to comply with these requirements because his statement of facts and argument challenging the summary judgment are wholly disconnected from the Rule 74.04(c) paragraphs and responses. His statement of facts sets out 87 numbered paragraphs of factual assertions, only two of which cite to the numbered paragraphs in his response to the University's SUMF. Instead, Hershey cites primarily to his own affidavit, which he relied on to support his responses denying certain assertions made in the University's SUMF. More problematic is the total absence of any reference to the Rule 74.04(c) paragraphs and responses in the argument section of Hershey's brief. He contends in his second point that "genuinely disputed facts preclude summary judgment" but he fails to identify which facts are disputed and does not cite to *any* portion of the record, much less to the relevant portions containing the numbered paragraphs of the University's SUMF, his additional SUMF, and the corresponding responses. To grant relief

9

on this point would require this Court to act as Hershey's advocate, "sift[ing] through the entire record to identify whether disputed or undisputed issues prevent the entry of summary judgment as a matter of law," which we cannot do. *Switzer*, 687 S.W.3d at 486 (alteration in original) (quoting *Cox v. Callaway Cnty. Sheriff's Dep't*, 663 S.W.3d 842, 850 (Mo. App. W.D. 2023)). Without any reference to the material facts established by the numbered paragraphs and responses, Hershey "has provided no legal basis for this Court to conclude that the circuit court improperly granted summary judgment." *Id.*

Because Hershey failed to demonstrate in his second point on appeal that a genuine issue of material fact precluded summary judgment, we must find that summary judgment was proper on that ground. *See id.*; *Great S. Bank*, 497 S.W.3d at 836. Point II is denied, and Points III through V—challenging the alternative grounds for summary judgment in the University's motion—are denied as moot. *See Missouri Emps. Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 622 (Mo. App. W.D. 2004).

### Conclusion

For the foregoing reasons, we affirm the judgment dismissing the claims against the individual defendants and the summary judgment in favor of the University.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark II, P.J., concurs.
Christopher E. McGraugh, Sp.J., concurs.

10